UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUSTIN BOHN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:19cv1144(MPS) |
| COMMISSIONER ROLLIN COOK, et al.,<br>    Defendants. | :<br>:<br>: |

## RULING ON PENDING MOTIONS

The plaintiff, Justin Bohn, an inmate incarcerated at the Osborn Correctional Institution in Somers, Connecticut, filed a civil rights complaint claiming that the defendants, six employees of the Department of Correction ("DOC") and five members of the Board of Pardons and Paroles, violated his Fourteenth and Eighth Amendment rights by assigning him a sex offender treatment needs score of 3 and falsely labeling him as a sex offender.  On October 18, 2019, the court dismissed all claims against the defendants in their official capacities, all individual capacity claims against the members of the Board of Pardons and Paroles and one DOC defendant, Deputy Warden Orteo-Negron, and the Eighth Amendment claims against the remaining DOC defendants in their individual capacities.  *See* Initial Review Order, ECF No. 7, at 16-17.[1]  The court concluded that the Fourteenth Amendment due process claim related to the plaintiff's classification as a sex offender would proceed against the remaining five DOC defendants, Commissioner Cook, Captain Perez, Counselor Supervisor Long, Classification Director Lewis, and Classification Officer Miaga in their individual capacities.  *Id.* at 11-14, 17.

The plaintiff has filed motions for reconsideration, for appointment of counsel, and for extension of time.  The defendants have filed a motion to stay the action.  For the reasons set

---

[1]  The court also declined to exercise supplemental jurisdiction over the state law claim asserted under Article First, § 9 of the Connecticut Constitution.  *Id.*

forth below, the motions for reconsideration, for appointment of counsel, and for extension of time are denied and the motion for stay is granted. As a preliminary matter, the court will address the status of service of the complaint on defendant Captain Perez.

**I.      Defendant Captain Perez**

On October 30, 2019, the court issued an Order informing the plaintiff that the Department of Correction Legal Affairs Office had reported to the Clerk that there was no individual named "Captain Perez" employed by the DOC in 2018. As a result, the Clerk was unable to effect service on Captain Perez. The court directed the plaintiff to file a written notice indicating the full name of and service address for Captain Perez within sixty days. *See* ECF No. 9. The court warned the plaintiff that failure to comply with the order within the time specified would result in dismissal of the claims against Captain Perez.

To date, more than seven months after informing the plaintiff that the Clerk could not effect service of the complaint on Captain Perez, the plaintiff has failed to file a notice indicating the full name of and service address for Captain Perez. Accordingly, the claims against Captain Perez are dismissed without prejudice. *See* Rule 4(m), Fed. R. Civ. P. (court must dismiss complaint without prejudice if, after notice to the plaintiff, it is not served on defendant within 90 days of the filing of the complaint). The plaintiff may not otherwise include in the amended complaint any claims that the Court has previously dismissed.

**II.     Motion for Reconsideration [ECF No. 19]**

The plaintiff asks the court to reconsider its dismissal of the Fourteenth Amendment due process claim against Deputy Warden Orteo-Negron. Motions for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is

2

sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." Rule 7(c)1, D. Conn. L. Civ. R. As indicated above, the court issued the Initial Review Order on October 19, 2019. Accordingly, the motion for reconsideration, filed on February 24, 2020, is untimely and is denied.

Although the motion for reconsideration was not filed in a timely manner, the plaintiff has identified information and an exhibit to the complaint that may support a due process claim under the Fourteenth Amendment against Deputy Warden Orteo-Negron, who the plaintiff now refers to as Otero-Negron. Thus, in the interest of justice, the court will permit the plaintiff to file an amended complaint to restate and fully articulate his Fourteenth Amendment due process claim against Deputy Warden Otero-Negron regarding her involvement in the decision to assign him a treatment needs score of 3 and to falsely label him as a sex offender without holding a classification hearing. *See* Rule 15(a)(2), Fed. R. Civ. P. ("The court should freely give leave when justice so requires

### III.    Motion for Extension of Time [ECF No. 18]

On January 3, 2020, the Clerk reported that defendant Karl Lewis had not returned a signed Waiver of Service of Summons form to the court. The plaintiff seeks an extension of time to provide a service address for defendant Lewis and an order that the court compel Lewis to respond to the complaint. Absent evidence that defendant Lewis has been served with a copy of the complaint, the court will not compel him to respond to the complaint. Counsel representing defendants Cook, Long, and Miaga has recently informed the court that he will attempt to forward a copy of the Complaint and a Notice of Lawsuit and Waiver of Service of

3

Summons form to former Director of Classification Karl Lewis in his individual capacity at his current address.  Accordingly, the motion for extension of time is denied.

**IV.     Motion for Appointment of Counsel [ECF No. 16]**

The plaintiff contends that the case is complex and involves several different claims and sets of defendants.  As stated above, only the Fourteenth Amendment due process claim related to the plaintiff's classification as a sex offender is proceeding against five defendants.  The plaintiff seeks the appointment of *pro bono* counsel because he has a limited education, he won't be able to investigate facts and locate witnesses, and he will need expert witnesses to testify at trial.  *See* Mem. and Aff. Supp. Mot., Doc. No. 16-1.  Plaintiff states that he has made four unsuccessful attempts to secure legal representation.  *See* Mot. at 1.

Civil litigants do not have a constitutional right to the appointment of counsel.  *See Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68-69 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case.") (citation omitted).  Rather, the decision to appoint *pro bono* counsel is discretionary.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (noting district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case) (citation omitted); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added).  In addition, the Second Circuit has cautioned the district courts against indiscriminately appointing *pro bono* counsel.  *See, e.g.*, *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989) (*per curiam*).

4

In considering whether to appoint *pro bono* counsel for an indigent litigant, a district court must "first determine whether the indigent's position seems likely to be of substance." *See Hodge*, 802 F.2d at 61. "[E]ven where the indigent [litigant's] claim is not frivolous, counsel is often unwarranted where the [litigant's] chances of success are extremely slim." *Cooper*, 877 F.2d at 171; *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit). The court cannot conclude, despite its initial determination that one claim asserted in the complaint was plausible, that the plaintiff is likely to succeed on the merits of that claim.

Additionally, the plaintiff has not demonstrated that he has been unable to secure legal assistance on his own. *See Hodge*, 802 F.2d at 62 (indigent litigant must demonstrate that he or she is unable to obtain counsel or legal assistance independently before a district court will appoint *pro bono* counsel). He asserts that he sent letters to four attorneys but has yet to receive responses to the letters. He does not indicate that he has ever contacted the Inmates' Legal Aid Program ("ILAP").

The State of Connecticut Department of Correction Administrative Directive 10.3[2] provides that the Department of Correction "shall contract with a law firm/agency to provide legal assistance to inmates and inmate access to the civil judicial system." *Id.* at 10.3(3). The scope of the services provided by the law firm or agency includes rendering assistance "through advice, counsel and physical preparation of meaningful legal papers such as writs, complaints,

---

[2] Administrative Directive 10.3, Inmate Legal Assistance (effective November 18, 2015), is available at https://portal.ct.gov/DOC/AD/AD-Chapter-10 under Directives and Policies (last accessed June 3, 2020).

5

motions and memorandum of law for claims having legal merit." *Id.* at 10.3(4).  Although the attorneys at ILAP may not be able to represent the plaintiff, they may be available to answer questions or provide instruction on how to conduct discovery and to draft motions or memoranda in response to motions.  Because the plaintiff has not demonstrated that legal assistance is unavailable or that his claim is likely to succeed on the merits, the motion seeking the appointment of *pro bono* counsel is denied.

## V.     Motion for Stay [ECF No. 24]

Counsel representing defendants Cook, Long, and Miaga seeks to stay this action until July 16, 2020 due to the impact of the COVID-19 pandemic on DOC staff members and inmates confined in DOC facilities.  Counsel indicates that he has limited access to DOC records that might be pertinent to the Fourteenth Amendment classification claim in this case because non-custodial DOC staff members have been furloughed or are working remotely.  In addition, he has been assigned to a team handling motions file by inmates confined within various DOC facilities seeking emergency release due to the pandemic.  To date, the plaintiff has not filed a response or objection to the motion for stay.

Given the fact that the court has granted the plaintiff leave to file an amended complaint, he would not be prejudiced if the court stayed the action until July 16, 2020.  Accordingly, the motion to stay the action is granted for good cause shown.  The court, however, is not inclined to stay this action beyond July 16, 2020.  **The stay will expire automatically on July 16, 2020. On or before July 16, 2020, defense counsel shall file a motion to modify the scheduling order with a new proposed schedule for the case.  Should he fail to do so, the original scheduling order will apply.**

**Conclusion**

The claims asserted against Captain Perez are **DISMISSED** without prejudice pursuant to Rule 4(m), Fed. R. Civ. P. The Motion for Reconsideration, [**ECF No. 19**], of the Initial Review Order and the Motion for Appointment of Counsel, [**ECF No. 16**], are **DENIED**. The Motion for Extension of Time, [**ECF No. 18**], to serve defendant Lewis is **DENIED**.

The Motion for Stay, [**ECF No. 24**], is **GRANTED** for good cause shown. The court will **STAY** the case until July 16, 2020, after which the stay will automatically expire, as described above.

The court will, however, permit the plaintiff **thirty (30) days** to file an amended complaint to elaborate on and clarify his Fourteenth Amendment due process claim against Deputy Warden Otero-Negron in her individual capacity and to reassert his Fourteenth Amendment due process claim against Commissioner Cook, Counselor Supervisor Long, Classification Director Lewis, and Classification Officer Miaga in their individual capacities. If the plaintiff chooses to file an amended complaint, any such amended complaint must be limited to the allegations asserted in the complaint against Commissioner Cook, Counselor Supervisor Long, Classification Director Lewis, and Classification Officer Miaga regarding their involvement in the decision to assign the plaintiff a sex offender treatment needs score of 3 and to falsely label him as a sex offender without holding a classification hearing that the court previously concluded should proceed and the new allegations regarding Deputy Warden Otero-Negron's involvement in the decision to assign the plaintiff a sex offender treatment needs score of 3 and to falsely label him as a sex offender without holding a classification hearing. *See* IRO, ECF No. 7, at 11-14, 17.

If the plaintiff chooses not to file an amended complaint, the case will proceed only as to the Fourteenth Amendment due process claim asserted in the complaint against Commissioner Cook, Counselor Supervisor Long, Classification Director Lewis, and Classification Officer Miaga in their individual capacities.

SO ORDERED at Hartford, Connecticut this 8th day of June, 2020.

_____/s/_____
Michael P. Shea
United States District Judge